FILED
JUN 23 2014
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ALEMU T. BERHANU, | \* | CIV. 14-4060 |
| Petitioner, | \* | |
| -vs- | \* | REPORT AND RECOMMENDATION |
| DARIN YOUNG, Warden, and MARTY JACKLEY, Attorney General, State of South Dakota; | \* | |
| Respondents. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner Alemu T. Berhanu, an inmate at the South Dakota State Penitentiary, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The Respondent has filed a Motion to Dismiss (Doc. 7) and a supporting Brief with attachments (Doc. 8). Berhanu filed a Response to the Motion to Dismiss (Doc. 10). The Respondent filed a Reply Memorandum (Doc. 17).

## JURISDICTION

Petitioner was convicted in Minnehaha County, South Dakota, and is currently in custody in South Dakota pursuant to a judgment of a South Dakota State Court. The pending matter is therefore properly before this Court pursuant to 28 U.S.C. § 2254. The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## PROCEDURAL HISTORY

Berhanu was found guilty at trial of attempted first-degree murder, two counts of aggravated assault and violation of a protection order in Minnehaha County, South Dakota. Berhanu was sentenced to 25 years for attempted first-degree murder, 15 years for one count of aggravated assault and 1 year suspended for violation of a protection order, with the sentences to be served consecutively. The trial court declined to impose a sentence on the second aggravated assault

charge. Judgments of conviction were filed on July 27, 2005. Berhanu appealed and the South Dakota Supreme Court affirmed his conviction on November 1, 2006.

Berhanu filed a state habeas petition on August 8, 2007, which was denied on July 28, 2009. Berhanu requested a certificate of probable cause directly from the South Dakota Supreme Court which was denied on October 23, 2009. Berhanu filed a second state habeas petition on March 22, 2010, which was denied on December 19, 2012. The South Dakota Supreme Court denied a certificate of probable cause on May 3, 2013. This federal case was filed on April 18, 2014.

## DISCUSSION

**1. AEDPA Statute of Limitations**

28 U.S.C. § 2244(d) provides:

(1) A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's instant federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Beery v. Ault*, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Petitioner's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *Id.* By Supreme Court rule, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for certiorari. *Id.*, Sup. Ct. R. 13. The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." *Id.;* § 2244(d)(2). *See generally, Painter v. State of Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). *See also Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (rejecting the suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired); *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("It does not matter that [petitioner's] . . . state post conviction relief application was timely filed under [state] law. The one year AEDPA time limit for federal habeas filing cannot be tolled after it has expired.").

Petitioner's conviction was affirmed by the South Dakota Supreme Court on November 1, 2006. His conviction became final, therefore, on February 1, 2007. He submitted his first state habeas petition on August 8, 2007.[1] Petitioner's first state habeas petition become final on October 23, 2009. Petitioner filed his second habeas petition on March 22, 2010.[2] Petitioner's second habeas petition became final on May 3, 2013. Petitioner filed the instant motion on April 18, 2014.[3] The total elapsed time is 685 days, well in excess of the one-year statute of limitations.

---

[1] From February 1, 2007, until August 8, 2007, is 188 days which is counted against the one-year statute of limitations.

[2] From October 24, 2009, until March 22, 2010, is 149 days which is counted against the one-year statute of limitations.

[3] From May 4, 2013, until April 17, 2014, is 348 days which is counted against the one-year statute of limitations.

3

### 2. Equitable Tolling and § 2244(d)(1)(B)

The United States Supreme Court and the Eighth Circuit have recognized the one-year AEDPA statute of limitations may be equitably tolled. *Holland v.* Florida, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010); *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003). "[E]quitable tolling may be invoked only in limited circumstances, such as when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* (citations omitted). Equitable tolling is also appropriate when the conduct of the defendant has lulled the petitioner into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. *Walker v. Norris,* 436 F.3d 1026, 1032 (8th Cir. 2006).

A prisoner's own ignorance of the law regarding the statute of limitations, or the interaction between the AEDPA and his state proceedings, does not justify equitable tolling. *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003) emphasized that "prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul. Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Id.* (citations omitted, internal punctuation altered.) Petitioners are expected to diligently pursue, monitor and investigate their own post-conviction cases. *Maghee v. Ault,* 410 F.3d 473, 476-77 (8thCir. 2005). Simply alleging a lack of legal knowledge or understanding of the law, therefore, is insufficient to invoke equitable tolling. *Kruetzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003).

The Eighth Circuit has noted generally that equitable tolling affords the otherwise time-barred prisoner an "exceedingly narrow window of relief." *Jihad v. Hvass* , 267 F.3d at 805. In *Jihad*, the following were rejected as "extraordinary circumstances" which the Petitioner claimed entitled him to equitable tolling: an unsuccessful search for postconviction counsel; no access to his trial transcript, and unsuccessful attempts to obtain advice from state and federal officials about how to commence his habeas claim. Instead of "extraordinary circumstances" the court characterized

4

these as the kinds of obstacles faced by most habeas petitioners, which Congress presumably considered when it enacted the one-year limitations period. *Id.* at 806-07.

### 3. Petitioner's Application is Untimely

As explained above Berhanu's conviction became final on February 1, 2007. He submitted his first state habeas petition on August 8, 2007. Petitioner's first state habeas petition become final on October 23, 2009. Petitioner filed his second habeas petition on March 22, 2010. Petitioner's second habeas petition became final on May 3, 2013. Petitioner filed the instant motion on April 18, 2014. The total elapsed time is 685 days, well in excess of the one-year statute of limitations. All calculations lead to the conclusion that Petitioner's instant § 2254 application for habeas corpus relief was filed well beyond the one year statute of limitations as it is defined in 28 U.S.C. § 2244(d)(1) & (2). Berhanu has not shown that (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way of timely filing. *Walker v. Norris,* 436 F.3d 1026, 1032 (8th Cir. 2006). Moreover, Berhanu was specifically warned of the one-year statute of limitations in this court's Report and Recommendation filed on February 16, 2007 at Doc. 6, in CIV. 07-4017. For these reasons, his § 2254 Petition should be dismissed as untimely.

## CONCLUSION AND RECOMMENDATION

Because more than one year passed during which no direct appeal or state habeas petitions were pending before Petitioner filed his federal habeas petition, this action is barred by the AEDPA one-year statute of limitations. Petitioner has failed to show he diligently pursued his claims or that extraordinary circumstances prevented him from filing in a timely manner. Further, no state-created impediment prevented timely filing. Neither equitable tolling nor 28 U.S.C. § 2244(d)(1)(B), therefore, apply. No evidentiary hearing is warranted.

The Court finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right" and thus a certificate of appealability should not be issued in Petitioner's case. 28 U.S.C. § 2253(c)(2). Although 28 U.S.C. § 2253(c)(2) has been found to be "only a modest standard," Petitioner has not shown that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve

5

encouragement or to proceed further.'" *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (citations omitted).

It is therefore respectfully RECOMMENDED to the District Court that:

(1)     Petitioner's application for writ of habeas corpus (Doc. 1) be DENIED with prejudice.

(2)     No Certificate of Appealability be issued.

(3)     Respondent's Motion to Dismiss (Doc. 7) be GRANTED.

(4)     Petitioner's Motion for Appointment of Counsel (Doc. 4) be DENIED as moot.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 23 day of June, 2014.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

6